**TARTER KRINSKY & DROGIN LLP**
*Attorneys for The Condominium Board of Managers*
*of The Cassa NY Condominium*
*Debtor and Debtor in Possession*
1350 Broadway, 11th Floor
New York, NY 10018
212-216-8000
Scott S. Markowitz, Esq. (smarkowitz@tarterkrinsky.com)
Rocco A. Cavaliere, Esq. (rcavaliere@tarterkrinsky.com)
Jack M. Manchester, Esq. (jmanchester@tarterkrinsky.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | (Subchapter V) |
| THE CONDOMINIUM BOARD OF MANAGERS | |
| OF THE CASSA NY CONDOMINIUM, | Case No. 26-10379 (MEW) |
| Debtor. | |

----------------------------------------------------------------x

### DEBTOR'S SUPPLEMENTAL BRIEF REGARDING
### RATIFICATION OF BANKRUPTCY FILING

TO:   **THE HONORABLE MICHAEL E. WILES**
      **UNITED STATES BANKRUPTCY JUDGE:**

The Condominium Board of Managers of The Cassa NY Condominium, the debtor and debtor-in-possession (the "Board" or "Debtor"), by its proposed attorneys, Tarter Krinsky & Drogin LLP, submits this supplemental brief on the issue of whether any procedural deficiencies in the Debtor's bankruptcy filing can be ratified by the Board and represents and states as follows:[1]

---

[1] Waterscape Resort, LLC ("Waterscape) and The Residential Board of Managers of the Cassa Condominium ("Residential Board", together with Waterscape, the "Objectors") also submitted a supplemental brief on this issue (the "Objection") [ECF No. 65].

095098\1\180504608.v2

## PRELIMINARY STATEMENT

1.      During the hearing on April 14, 2026, regarding, *inter alia*, the Debtor's objection ("MTD Objection")[2] [ECF No. 47] to the Objectors' motion to dismiss ("Motion") [ECF No. 29] (each of which is incorporated herein by reference), the Court requested the parties submit supplemental briefs on the issue of whether the Debtor's bankruptcy filing was properly authorized or, alternatively, if it could be ratified. For the avoidance of doubt, the Debtor maintains it was properly authorized to file the Petition. *See MTD Objection*, ¶¶ 89-99. However, to the extent the Court believes the Debtor was not properly authorized to file the Petition, those deficiencies are easily resolved by the Debtor ratifying the filing. To that end, the Debtor has noticed a Board meeting for May 13, 2026, to discuss ratifying the Petition's filing (the "Ratification Meeting"). A copy of the Debtor's notice is annexed as **Exhibit A**. Notably, the Ratification Meeting is what the Objectors indicated was necessary to ratify the Debtor's bankruptcy filings. *See Objection*, ¶ 15. Accordingly, any procedural deficiencies in the Debtor's bankruptcy filing will be rectified shortly.

2.      Furthermore, the Objectors' position that ratification is impossible is unavailing. Instead of addressing the core issues related to ratifying a bankruptcy filing, the Objectors merely rehashed the Motion's meritless "bad faith" arguments. Despite the Objectors' attempt to transform this issue into something greater than it is, the ratification issue is, in fact, straightforward. A majority of the Board members voted in favor of filing for bankruptcy (and will do so again at the Ratification Meeting). That, quite simply, provides the Debtor with the authority necessary to continue this bankruptcy case.

---

[2] Any capitalized term not defined herein shall have the meaning assigned to it in the MTD Objection.

2

## ARGUMENT

3.    As an initial matter, the Debtor maintains it was properly authorized to file the Petition. "Courts in this District, at both the bankruptcy court and district court level, have previously considered flawed processes in authorizing chapter 11 petitions. They have rejected a formalistic approach. Rather, they have ruled the determination as to whether to honor corporate formalities is an equitable one, after a fact-sensitive inquiry" *In re Soundview Elite, Ltd.*, 503 B.R. 571, 578 (Bankr. S.D.N.Y. 2014) (citations and internal quotations omitted); *see also In re Am. Globus Corp.*, 195 B.R. 263, 266 (Bankr. S.D.N.Y. 1996) (same); *cf. In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 765 (Bankr.S.D.N.Y.1992) (rejecting strict adherence to legal form of corporate entities because "such legal formalism will disadvantage the vast majority of creditors and endanger the Debtors' reorganization"). Here, the Debtor properly noticed a board meeting to consider how to address the Condominium's financial distress (and, at Assa's request, the Debtor also rescheduled the meeting so Assa could attend, only for Assa to arrive after the rescheduled meeting concluded). *MTD Objection*, ¶ 91. While the Debtor acknowledges the meeting's notice did not expressly reference a possible bankruptcy filing, dismissing this case on that ground elevates form over substance. The Board properly noticed and held a board meeting to discuss the Condominium's financial distress and, during that discussion, concluded a bankruptcy filing was necessary. That, quite simply, is sufficient authority for the Debtor to file the Petition.

4.    The Objectors' arguments to the contrary are unavailing. *Objection*, ¶¶ 9-10. The first argument, that strict compliance with the Bylaws is required, is incorrect, as it relies on *In re Southeast Neighborhood House*, 93 B.R. 303, 305 (Bankr. D.D.C. 1988), a case involving the wrongful termination of a corporate officer. Simply put, the equities involved in terminating a

095098\1\180504608.v2

corporate officer are significantly greater (and, therefore, warrant strict bylaw compliance) than those involved in a majority-controlled board's decision to file for bankruptcy. Furthermore, the Objectors' arguments regarding the corporate resolution authorizing the Petition [ECF No. 2] are similarly meritless. While the resolution made reference to the undersigned's retention and a possible DIP loan, the resolution noted that each was "subject to approval by the Bankruptcy Court." ECF No. 2, pp. 1-2. Accordingly, the Debtor was properly authorized to file the Petition.

5.      However, to the extent the Court believes the Debtor lacked the authority to file the Petition, those concerns are easily resolved by the Board ratifying the filing at the Ratification Meeting. "Ratification is the act of knowingly giving sanction or affirmance to an act which would otherwise be unauthorized and not binding." *In re Adelphia Recovery Tr.*, 634 F.3d 678, 691 (2d Cir. 2011). To be effective, ratification must be performed with full knowledge of the relevant material facts and must be clearly established through unequivocal conduct. *In re Ampal-Am. Israel Corp.*, 648 B.R. 457, 475 (Bankr. S.D.N.Y. 2023) (citations omitted). Here, the Ratification Meeting unquestionably remedies any procedural deficiencies in the Debtor's filing and, regardless, equity warrants denying the Objectors' dismissal request.

6.      *First,* it is indisputable that ratification resolves a debtor's lack of authority to file a petition. Courts in this circuit routinely hold ratification remedies a debtor's lack of authority to file the petition. *In re Source Enters., Inc.*, 392 B.R. 541, 555 (S.D.N.Y. 2008) (holding ratification resolves issues related to a debtor's lack of authority to file petition); *In re 477 W. 142nd St. Hous. Dev. Fund Corp.*, No. 20-CV-6771 (VEC), 2022 WL 2093418, at *10 (S.D.N.Y. June 10, 2022) (same); *Cf. In re Segal*, 527 B.R. 85, 92 (Bankr. E.D.N.Y. 2015) (holding ratification solves procedural defects in petition). Notably, the Second Circuit has expressly held ratification resolves a filer's lack of authority to commence a bankruptcy proceeding. *In re Martin-Trigona*, 760 F.2d

4

1334, 1341 (2d Cir. 1985) (holding post-petition ratification resolved filers lack of authority to file petition). Other circuit courts have similarly permitted filing deficiencies to be remedied through ratification. *Hager v. Gibson*, 108 F.3d 35, 40 (4th Cir. 1997) (holding "the unauthorized filing of a voluntary petition in bankruptcy in behalf of a corporation might be ratified"); *accord Boyce v. Chemical Plastics, Inc.*, 175 F.2d 839, 842-844 (8th Cir.1949). Accordingly, the Board can ratify the Debtor's authority to file the Petition at the Ratification Meeting.

7.      The Objectors cite two cases which purportedly prove ratification is impossible here; neither case stands for that proposition. The first case, *In re Ducena*, 676 B.R. 77, 88 (Bankr. S.D.N.Y. 2026), involved a son filing his mother's petition under a defective power-of-attorney and there was no indication that defect would be remedied. *Id.* at 80, 88. At the Ratification Meeting, the Board will confirm the Debtor was authorized to file the Petition, making *Ducena* inapplicable here. The second case, *Rare Earth, Inc. v. Hoorelbeke*, 401 F. Supp. 26, 33-34 (S.D.N.Y. 1975), involved a corporation's authority to initiate a lawsuit and, notably, was decided under Michigan law, making its holding similarly inapplicable here.[3]

8.      *Second*, equity warrants allowing the Debtor's bankruptcy filing to be ratified. Courts have held equity warrants denying motions to dismiss for lack of authority when the movant has ignored corporate formalities or stands to gain from dismissal of the bankruptcy case. *See In re Am. Globus Corp.*, 195 B.R. 263, 266 (Bankr. S.D.N.Y. 1996) (citations and internal quotations omitted) ("…dismissal of a bankruptcy proceeding, for non-compliance with corporate bylaws or state law upon the motion of a stockholder who holds what otherwise might be a preferential transfer, would be unjustified in both law and equity."). The court in *Am. Globus Corp.* rejected a

---

[3] The other cases cited by the Objectors merely describe actions which constitute ratification (*Objection*, ¶¶ 1-2, 12), which the Ratification Meeting satisfies.

procedural deficiency claim under similar circumstances, holding that a party cannot 'cry foul'

after previously ignoring corporate formalities to engage in self-dealing:

> Here, it is clear [Movant] wishes to advance the interests of its principal by invoking corporate arrangements that it previously showed little interest in respecting…It is uncontested that [Movant's principal] made significant (and possibly preferential) transfers without obtaining any written approval. [Movant's principal] cannot ignore all corporate formalities and then successfully argue that the remaining shareholder's attempt to salvage the business through bankruptcy is untenable because he did not have the consent of the very shareholder who ignored corporate formalities …
>
> In addition, the denial of [Movant's] motion is particularly compelling on these facts…it is quite apparent that [Movant's] motive in seeking dismissal is to squelch possible causes of action that the chapter 7 trustee may have against it or [Movant's principal].

*In re Am. Globus Corp.*, 195 B.R. at 265-266. Those same equitable considerations exist here. The

Debtor's financial struggles arose (principally) because of Assa's self-dealing; it would be

inequitable to allow Assa to dismiss this case by invoking the very formalities he's ignored for

years. Furthermore, the Objectors, like the movants in *Am. Globus Corp.*, are bemoaning about

corporate formalities solely to prevent the Debtor from utilizing the bankruptcy process to address

the Objectors' alleged debt. That motive belies the Objectors' claim that equity prevents the Debtor

from ratifying the bankruptcy filing.[4]

---

[4] The Objector's reliance on *Levine v. B & R Acquisition Partners, LLC*, 674 B.R. 838, 853 (N.D.N.Y. 2025), to argue equity favors denying ratification, is misplaced. The court in *Levine* determined equity required dismissal because the moving creditor's preference liability turned on the date the petition was filed, and ratification does not trump the "intervening rights of third persons." *Id.* (citation omitted). Those considerations are not present here, further disproving the Objectors' equity argument.

6

095098\1\180504608.v2

9.      Accordingly, ratification is sufficient to resolve any procedural defects in the

Debtor's bankruptcy filing.

Dated: New York, New York
        May 7, 2026

                                        **TARTER KRINSKY & DROGIN LLP**
                                        *Attorneys for The Condominium Board of*
                                        *Managers of The Cassa NY Condominium*
                                        *Debtor and Debtor-In-Possession*


                                        By:    */s/ Scott S. Markowitz*
                                               Scott S. Markowitz, Esq.
                                               Rocco A. Cavaliere, Esq.
                                               Jack M. Manchester, Esq.
                                               1350 Broadway, 11th Fl.
                                               New York, NY 10018
                                               (212) 216-8000
                                               smarkowitz@tarterkrinsky.com
                                               rcavaliere@tarterkrinsky.com
                                               jmanchester@tarterkrinsky.com

7

095098\1\180504608.v2

**EXHIBIT A**

**EXHIBIT A**

April 29, 2026

Board Managers of the Cassa NY Condominium
66-70 West 45th Street
New York, NY 10036
Attn:   Stephen Guttman, Board Manager
        Gil Gibli, Board Manager
        Kobi Zamir, Board Manager
        Mendy Furmanski, Board Manager
        Salim Assa, Board Manager
        Isaac Assa, Board Manager
        Pauline Assa, Board Manager

Cassa Hotel and Commercial Units Owners
c/o Highgate 2 Hotel LLC
1220 Broadway, Suite 801A
New York, NY 10001
*(via Overnight Mail)*

Cassa Residential Board of Managers
c/o Assa Properties
410 Park Ave., Suite 1630
New York, NY 10022
Attn:   Salim Assa, President
        *(Via Fax (*(212) 239-7468), *Email (Solly.Assa@assaproperties.com) and Overnight Mail*

Re:     Notice of Special Meeting of the Board of Managers of the Cassa Condominium located
        at 70 West 45th Street New York, NY 10036 (the "Cassa NY Condominium")

Dear Board Managers:

Pursuant to section 2.6.3 of the Condominium By-Laws of Cassa NY Condominium, the four
undersigned Board Managers call a Special Meeting of the Board of Managers of the Cassa NY
Condominium to be held on the following date, time and location:

**May 13, 2026 at 9 am (Eastern Standard Time)**
Location: **1220 Broadway Suite 801A**
**New York, NY 10001**
**Offices of AYA New York**

The proposed Agenda for the Special Meeting is as follow:

**<u>AGENDA</u>**

1.      The purpose of the Special Meeting is to ratify, confirm, and approve the actions previously taken by the Board of Managers in connection with the commencement of a case under Chapter 11, Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code"), including, without limitation, the determinations made at the special meeting of the Board of Managers held on February 19, 2026, the Corporate Resolution executed on February 24, 2026, and the filing of the voluntary petition with the United States Bankruptcy Court for the Southern District of New York on February 24, 2026.

The proposed Agenda for the Special Meeting is as follows:

**AGENDA**

1.  Welcome, Call to Order, and Introductions.

    - Procedural Matters, including Notice of Special Meeting and Declaration of a Quorum.

2.  Review and Discussion of Prior Actions Taken by the Board of Managers.

    A.  Review of the proceedings, deliberations, and determinations of the Board of Managers at the special meeting held on February 19, 2026, at which the Board determined that it was in the best interests of the Cassa NY Condominium, its creditors, and other parties in interest to seek relief under Chapter 11, Subchapter V of the Bankruptcy Code.

    B.  Review of the Corporate Resolution executed on February 24, 2026, including the resolutions: (i) authorizing the filing of a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code; (ii) authorizing Stephen Guttman, as President, to execute and verify the petition and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York; (iii) engaging Tarter Krinsky & Drogin LLP as bankruptcy counsel to the Cassa NY Condominium, subject to bankruptcy court approval; (iv) authorizing the retention of such other professionals as may be necessary; and (v) authorizing the debtor-in-possession senior secured loan facility in an aggregate amount not to exceed $250,000 with Highgate 2 Hotel LLC, as DIP Lender, subject to bankruptcy court approval.

    C.  Review of the voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code filed with the United States Bankruptcy Court for the Southern District of New York on February 24, 2026, and the related first-day pleadings, schedules, motions, and other papers filed in connection therewith.

3.  Ratification, Confirmation, and Approval of Prior Actions.

    A.  Consideration and adoption of a resolution ratifying, confirming, and approving in all respects the actions and determinations of the Board of Managers taken at the special meeting held on February 19, 2026 to commence a case under Chapter 11, Subchapter V of the Bankruptcy Code.

B. Consideration and adoption of a resolution ratifying, confirming, and approving in all respects the Corporate Resolution executed on February 24, 2026, and each of the resolutions contained therein, including, without limitation, the authorization of the Chapter 11, Subchapter V case, the engagement of Tarter Krinsky & Drogin LLP as bankruptcy counsel, the retention of additional professionals, and the DIP Financing with Highgate 2 Hotel LLC.

C. Consideration and adoption of a resolution ratifying, confirming, and approving in all respects the filing on February 24, 2026 of the voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York, and all schedules, statements, motions, applications, pleadings, and other papers filed in connection therewith.

D. Consideration and adoption of an omnibus resolution ratifying, confirming, and approving in all respects all past actions heretofore taken by the Board of Managers, the officers of the Cassa NY Condominium, and their respective agents and counsel in furtherance of the foregoing.

4. Authorization for Further Actions.

A. Consideration of resolutions authorizing and directing Stephen Guttman, as President, and such other officers, employees, agents, and counsel as he may designate, to take any and all further actions and to execute and file all such further petitions, schedules, motions, applications, pleadings, and other papers as may be necessary, proper, or desirable to prosecute the Chapter 11, Subchapter V case to a successful conclusion.

5. Other Business Properly Brought Before the Board.

6. Adjournment.

Very truly yours,

*Gil Gibli*
*Kobi Zamir*
*Mendy Furmanski*
*Stephen Guttman*

Cassa Board Managers

- 3 -